DeWitt H. Curtis, Exr.

v.

Frank W. Tracy et al.

*Opinion filed November 1, 1897.*

CORPORATIONS—*director cannot enforce a penalty for action in which he participated.* A director who participates in meetings held before the recording of the final certificate of incorporation, at which additional security is voted to him for certain notes executed to him before the final certificate had been recorded and before he became a stockholder or director, is estopped from asserting that the original directors are liable upon the notes as partners, because they exercised corporate functions before recording the certificate.

*Curtis* v. *Tracy,* 62 Ill. App. 49, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

E. A. SHERBURNE, for appellant.

ULLMANN & HACKER, for appellee Frank W. Tracy.

POPE & SMALL, for appellee A. B. Meeker.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action brought to the July term, 1895, of the Superior Court of Cook county, against the appellees, seeking to hold them liable as partners upon four promissory notes, executed by the Central Illinois Coal Company, all dated April 16, 1884, amounting altogether to $20,000.00, two for $10,000.00 due in six months from date to the order of Tracy, Beekman & Co., a firm, of which appellee, Tracy, was a member, and two for $10,000.00 due in twelve months from date to the order of the First National Bank of Springfield, Illinois, of which bank appellee, Tracy, was the president. Charles H. Curtis, the plaintiff's testator, became the owner of these notes by

endorsement thereof for the payees by Tracy about October 16, 1884, about the time of the maturity of two of the notes, and six months before the maturity of the other two. Of the three appellees Frank W. Tracy and A. B. Meeker filed pleas to the declaration, and Charles A. Starne was defaulted. The case was tried in the trial court before the judge without a jury by agreement; and finding and judgment were for the defendants. This judgment has been affirmed by the Appellate Court; and the present appeal is from such judgment of affirmance.

Plaintiff introduced in evidence articles of incorporation of the Central Illinois Coal Company, showing application for license to open books of subscription to the capital stock of the company, which was to be $1,000,-000.00 in shares of $100.00 each; object, to mine and sell coal and coke; location of principal office, Chicago; duration, fifty years; signed and acknowledged June 15, 1883; also showing the license from the Secretary of State as applied for, the report of the commissioners setting forth subscriptions for 4860 shares at $486,000.00 by A. B. Meeker, for 2570 shares, $257,000.00, by Frank W. Tracy, and for 2570 shares, $257,000.00 by Charles A. Starne, the meeting of the subscribers pursuant to notice, and election of the said Meeker, Tracy and Starne as directors for three years, which report was sworn to by two of the commissioners on June 29, 1883, and filed in the office of the Secretary of State on June 30, 1883; also showing the certificate of organization of the Secretary of State dated June 30, 1883.

It was agreed, that the defendants were the same persons who subscribed the capital stock of the company, and that the final certificate of organization was not filed for record in the recorder's office of Cook county until June 5, 1885.

Defendants offered in evidence a chattel mortgage dated April 16, 1884, executed by the Central Illinois Coal Company to secure the payment of said notes, run-

ning to James Matheny, Jr., as trustee, conveying certain leasehold interests in mining lands in Kankakee county, acknowledged and recorded in Kankakee county on April 22, 1884; also a book of records of the company, certain ballots for directors, minutes of a meeting of directors, the twenty bonds and four certificates of stock hereinafter mentioned, and also certain papers showing the assignment by Frank W. Tracy on April 16, 1884, of his shares of stock to said Meeker and Starne.

The evidence of the defendants showed the following facts:  There was a meeting of the stockholders of the company on October 22, 1884.  C. H. Curtis, plaintiff's testator, was chairman of that meeting, which proceeded to the election by ballot of two additional directors, and 3798 shares of stock out of 4458 shares then present, were voted for C. H. Curtis and G. W. Meeker, who were declared elected as directors.  At that election the chairman, C. H. Curtis, voted ten shares of stock.  The meeting of the stockholders then adjourned, and immediately there was a meeting of the directors, at which C. H. Curtis, A. B. Meeker, G. W. Meeker and C. P. Wheeler were present, and at which, on motion of A. B. Meeker, it was voted to deliver to C. H. Curtis $20,000.00 in bonds and 400 shares of the capital stock of the company, as collateral to the mortgage of the company, made on April 16, 1884, to James H. Matheny, Jr., which mortgage had been purchased by C. H. Curtis.  The twenty bonds were each for $1000.00, dated May 1, 1884, payable in twenty years to the order of a trust company in New York, and signed by the vice-president and secretary of the Central Illinois Coal Company with the seal of the company attached, and secured by a trust mortgage to said trust company upon all the property of the coal company.  The 400 shares of stock were evidenced by four certificates to C. H. Curtis, each for 100 shares of $100.00 each, dated October 22, 1884, signed by A. B. Meeker, as president, and C. P. Wheeler as secretary with the seal of the company attached, and

countersigned and registered by the secretary on the same day.

It was conceded, that the estate of C. H. Curtis, deceased, held the bonds and stock as collateral to the notes in suit.

The contention of the plaintiff, arising upon exceptions to the admission of evidence and upon the refusal of propositions of law submitted to the court, is, that, as the notes sued upon were made in the name of the corporation on April 16, 1884, and the certificate of organization was not recorded until June 5, 1885, the defendants, as directors, assumed to exercise corporate powers without complying with the provisions of the Incorporation act, and are, therefore, liable to pay the notes as partners under sections 4 and 18 of that act. (1 Starr & Cur. Stat. 610, 617).

We have recently considered the liability of officers and directors of a corporation, under said sections 4 and 18, to creditors who are third persons. (*Loverin* v. *McLaughlin*, 161 Ill. 417). In the *Loverin* case a distinction was said to exist between cases where a stockholder is a party to the suit, and cases, where the contest is between third persons and the officers or directors assuming to exercise corporate powers. In the case at bar, C. H. Curtis, plaintiff's testator, was a stockholder in the company at or near the time when he became the owner of the notes sued upon, and not only so, but he was elected as a director of the company and transacted business for the company as such director before the certificate of organization was recorded as required by section 4. While acting as a director of the company, he accepted 400 shares of the capital stock, as security for the very debt here sought to be recovered. It is true, that the notes were not made while he was director, but, after he became director, he recognized the debt as an obligation of the corporation by taking part in proceedings by the board of directors by which the debt was further secured. Being

already a stockholder and director, he accepted additional certificates of stock, issued to him as security for these notes. This was done on October 22, 1884, and the certificate of organization was not recorded until June 5, 1885. It was as much his duty to see to it, that the certificate was recorded as it was the duty of the original board of directors, elected by the first meeting of the subscribers. (*Bushnell* v. *Consolidated Ice Machine Co.* 138 Ill. 67). By acting with the other directors in the meeting of October 22, 1884, he assumed to exercise corporate functions before that provision of the act, which required the certificate to be recorded, had been complied with. He is estopped by his conduct from seeking to enforce the liability provided for in section 18 against the defendants. He cannot enforce against others a penalty which he has himself incurred by his own conduct.

It is well settled, that a stockholder cannot defend against a liability, which rests upon him for the benefit of corporate creditors, upon the ground that the corporation was not legally organized by reason of non-compliance with the terms of the statute providing for such an incorporation. (*Hickling* v. *Wilson*, 104 Ill. 54). He is estopped by the act of subscribing for the stock from setting up such a defense. Upon principle, there can be no difference between such a case, and a case where a stockholder, who is also a director, seeks to enforce a claim resting for its validity upon the fact, that the corporation, in which he is such stockholder and director, was not organized in accordance with the statute. Where a man has acted as a director of a corporation, and participated in the management of its affairs, and attended its business meetings, and voted upon questions affecting its interests, before the certificate of its organization has been recorded as required by law, he should be estopped from enforcing against others a liability, based exclusively upon their failure to record the same certificate which he failed to have recorded.

Under the facts as herein recited, we think that the judgments of the Superior Court of Cook county and of the Appellate Court were correct. Those judgments are accordingly affirmed.                    *Judgment affirmed.*