On the Merits.
We have examined the evidence in this case, and are thoroughly satisfied of the correctness of the conclusions of the district court. The decision turned upon questions of fact. The “Lamar Lumber Company” has been operating for a number of years as a business concern. The only parties known to the general public to be interested and connected with it were the plaintiff and the defendant. The billheads of the company bore upon the same only the names “A. O’Brien” and “W. H. Gilmore.”
If M. O’Brien was the owner of the plant, and the business was conducted on his behalf by A. O’Brien as his agent and representative and by W. H. Gilmore merely as an employe employed by M. O’Brien, this fact was not made known. M. O’Brien was not made a party to this suit. He did not intervene therein asserting rights as an owner, nor has ne appealed from the decree as a third person interested. The only appearance made by him in the case was as a witness. 1-Ie denied under oath that he was a partner in the concern, and plaintiff does not pretend or claim that he was.
The defendant repeatedly declared to parties with whom the Lamar Lumber Company was doing business that he and the plaintiff were- partners therein. Everything in the case leads to the conclusion that that declaration was true. -Though defendant claims that there was no partner in the concern, he recognized in writing, in a paper delivered to a Mr. Grayson acting for and on behalf of J. W. Thompson, that there were partners therein, and that the “three cars of lumber received by Mr. Thompson will not be involved in any dispute between said parties.” The parties so referred to were, beyond question, Gilmore and himself. The paper was signed by the defendant as representing Mr. M. O’Brien in order to secure and guard Thompson (the buyer of that lumber) against any possible adverse claim of M. O’Brien. The paper in question did not refer to M. O’Brien as a partner, for defendant denies that M. O’Brien ever occupied such a position, and M. O’Brien himself also repudiates that he was ever such.
The defendant endeavors to bring this case under the line of decisions which hold that, where two parties have an understanding which is later to be reduced to writing, the covenant is not perfect until it is reduced to writing and signed by the parties (Wolf v. Mitchell, 24 La. Ann. 433. Fernan *911 dez v. Soulie, 28 La. Ann. 33. Avendano v. Arthur, 30 La. Ann. 321. Meyer v. Labau, 51 La. Ann. 728, 26 South. 463); but those decisions find no application under the facts of this case. The agreement between plaintiff: and defendant, was not conditioned upon its being reduced to writing; but, after it was legally made verbally, plaintiff insisted that the verbal contract already legally existing be evidenced in a more lasting and certain form through written evidence.
Defendant insists that his position on this subject was established by the evidence of Mr. Berry, who was authorized to draw up a written contract of partnership; but we are not of that opinion. It is true that Berry was authorized td write up a contract of partnership between the partners; but the intention of the plaintiff was to have the existing verbal contract placed in writing. When Berry drew it up, it did not conform to what the plaintiff intended, and he refused to sign, stating that he would let matters stand on the existing status.
We are of the opinion that there is no error in the judgment appealed from, and it is hereby affirmed.