On Application for Rehearing.
BREAUX, C. J.
Nothing useful would be gained by a rehearing.
I have carefully read the brief for a rehearing. It does not suggest a point of importance which has not been decided in the companion case to the present, viz., Steeg v. Leopold Weil, etc. (No. 17,792, handed down recently) 52 South. 232, ante, p. 101.
It was approved by the court. There were no dissents.
In the present case:
The first point for a rehearing is that where a nullity actually esists, or appears to exist, any private individual can have it so decreed.
My dissent was: If there is an absolute nullity, it may be raised by parties in interest. A careful consideration leads me to the conclusion: It cannot be decreed that the nullity is absolute, particularly in view of the fact that the court has already passed upon the important question among the parties except one of the parties.
The court did not find in the case heretofore decided, now final, i. e. case 17,792, that the charter was in any respect illegal. That the suit was not for an accounting is the next proposition of plaintiff for rehearing. The last suit certainly relates to acts of administration of the officers and to their salaries and charges. These have naught to do with the asserted illegality of the charter.
They do not relate even to a relative nullity in matter of the incorporation.
Same is true of the plea of lis pendens also argued in the brief of the appellee for a rehearing.
The next proposition of plaintiff for a rehearing is entirely true and correct.
That no one can be estopped to deny or attach the validity of that which has no existence.
The applicant, in seeking to sustain his proposition, assumes that the corporation has no legal existence whatever and argues from that point.
Contradictorily with all the heirs except one, the court has decided that the corporation has legal existence.
The remaining heir above alluded to: Applicant for a rehearing fails to show and cannot establish in view of the above-cited decision of the court, the non est condition as relates to a charter or its illegality for which he contends.
Applicant cites several decisions, among them Lehman & Co. v. Knapp et al., 48 La. Ann. 1154, 20 South. 674.
To establish the difference between the present and the cited case, it is only necessary to quote the following from the decision:
Estoppel did not apply, for it is not shown “that with Icnowledge of the irregularities” the plaintiff agreed to sell goods to the corporation. (Italics ours.)
The court said in the cited case that the creditor, without knowledge, was not es-topped, and that he could avail himself of illegalities to recover his claim. This presents an entirely different question, inasmuch as the creditor in the cited case was not in the position of the plaintiff in the present case.
Furthermore, no question but that, for the different reasons stated in the opinion, the corporation in the Lehman Case, cited su *959 pra, was an absolute nullity. It states that:
A planting partnership, organized, as such into a corporation, undertook to carry on a commercial business, foreign to the purpose of the charter.
The court said: The defendants could not under that statute claim corporate existence as to merchandising. The other decisions cited are not conclusive.
In dissenting it was certainly not my intention to assail the case of Anderson v. Thompson, 51 La. Ann. 727, 25 South. 399, cited by the court in the majority opinion.
It is very true I still hold that there cannot very well be a corporation by estoppel.
If an asserted corporation has no existence in law, it really can have no absolutely binding effect after any one in interest shows that it has not the shadow of a claim to corporate existence; but that is not the case here.
- The decision before cited, in a suit in which the heirs were parties (save one), has taken the issues beyond the possibility of considering the charter absolutely null. Not only there is binding effect in the charter, in addition plaintiff has acknowledged its binding effect by his own act as one of the incor-porators.
I concur in the decree.