## J. J. Martin et al., Appellants, v. Berthold Heymann et al., Appellees.

### Gen. No. 7,842.

Heard in this court at the October term, 1927. Opinion filed May 11, 1928. Rehearing denied January 28, 1929.

WALTER C. SCHNEIDER and H. H. WHITTEMORE for appellants.

LUTHER B. BRATTON and CLAUDE M. GRANGER, for H. F. Ruel, appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

A bill was filed in the circuit court of Kankakee county by appellants, Don A. Bradley, The Tribune Company and Arbuckle Brothers, against the Chicago, Kankakee, Watseka and Danville Motor Truck Line, Berthold Heymann, Edward Regnier, Arthur J. Sadler, William Comstock, D. F. Lavoie and appellee Henry F. Ruel, seeking to recover from said defendants certain amounts alleged to be owing by said corporation to said complainants. No service was had on the defendant Heymann. Regnier and Lavoie were served with process, but failed to answer. Answers were filed by appellee Ruel and by the defendant Sadler.

An answer, purporting in its caption to be the answer of said corporation, was filed by S. R. Durfee as its trustee in bankruptcy. At the conclusion of the hearing, no proof having been offered by the complainants Bradley, The Tribune Company and Arbuckle Brothers, they were dismissed from said proceedings. The bill was also dismissed as to the defendant Comstock. The court entered a decree dismissing the bill "for want of equity and jurisdiction." To reverse said decree, this appeal is prosecuted.

The bill charges among other things that on August 12, 1920, Heymann, Regnier, and appellee Ruel filed a statement to organize said corporation for the purpose of operating a truck line between the cities of Danville and Chicago, $25,000 of the capital stock of the par value of $10 per share to be issued at once, to be paid for as follows: Five hundred dollars cash and $24,500 by property to be transferred to the proposed corporation; that Heymann had subscribed for 1,200 shares of said stock, Regnier for 500 shares, Sadler for 300 shares, LaMarre for 50 shares and appellee Ruel for 450 shares; that Heymann, Regnier, Sadler, LaMarre and appellee were to act as directors of said proposed corporation for the term of one year.

The bill further charges that the property transferred consisted of certain automobile trucks, office furniture, fixtures, tools, etc.; that certain of said property was subject to mortgage, and that it was greatly overvalued; that in May, 1921, said corporation was adjudged a bankrupt and S. R. Durfee was appointed trustee in bankruptcy. It was on the charge of overvaluation that the bill for relief was based.

Appellee Ruel is the only defendant who appeared in this court and filed a brief. Without going into an extended discussion of the evidence, we hold that it was sufficient to warrant a finding that the property transferred in payment for said stock was greatly overvalued; that appellants have valid and subsisting

claims against said corporation and against the subscribers to the stock of said corporation. That being the state of the record, the question presented by the assignment of errors is as to whether the court was warranted in dismissing said bill.

It is insisted by counsel for appellee "that the circuit court had no jurisdiction of the subject matter of this suit."

It is conceded by appellants and by appellee that this bill was filed under section 53 of the Corporation Act, Cahill's St. ch. 32, ¶ 53. That section provides, among other things:

"After an adjudication of bankruptcy, or after an execution has been so returned, or has remained unsatisfied for more than ten days, after a demand made, or after a dissolution or cessation of business leaving debts unpaid, any creditor may bring suit in equity, in any court having general jurisdiction in the county within which the principal office of the corporation is located on behalf of himself and of all other creditors of the corporation, against all persons who are liable in any way for the debts of the corporation, by joining the corporation in such suit."

It is strenuously insisted that the jurisdiction of the subject matter of this proceeding in the trial court depended upon obtaining service on said corporation or upon said corporation in some way submitting itself to the jurisdiction of the court.

"If the pleadings state a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to hear and determine the issues involved." 7 R. C. L. 1030, § 57.

"Jurisdiction is the power to hear and determine the subject matter in controversy between the parties to a suit. If the law confers the power to render a judgment or decree, then the court has jurisdiction,"

*O'Brien v. People,* 216 Ill. 354–363, citing *Applegate v. Lexington & Carter County Min. Co.,* 117 U. S. 267; *Franklin Union, No. 4 v. People,* 220 Ill. 355–366.

"Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs." *O'Brien v. People, supra; Franklin Union, No. 4 v. People, supra,* 366.

"Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to decide, whether the pleading is good or bad." *O'Brien v. People, supra; Franklin Union, No. 4 v. People, supra,* 367; Elliott, General Practice, sec. 230; *Hunt v. Hunt,* 72 N. Y. 217; *Winningham v. Trueblood,* 149 Mo. 572.

In *Franklin Union, No. 4 v. People, supra,* the court at page 365 says:

"If, however, it were conceded that there was a defect of parties, that fact would not have deprived the court of jurisdiction to have heard and decided the questions before it, and its order granting the injunction would not have been void, and the respondents could not have justified their acts in violation of the injunction on the ground that there was a defect of parties to the bill."

"As applied to the subject matter of a suit, jurisdiction is always conferred by law, and it is incorrect to suppose that the power to decide in any case rests solely on the averments of a pleading." 7 R. C. L., *supra.*

"Jurisdiction, in the general and most appropriate sense of that term, as applied to the subject matter of a suit at law or in equity, is always conferred by law,

and it is fatal error to suppose the power to decide in any case rests solely upon the averments in a pleading.'' *Thompson v. People*, 107 Ill. 517–524.

The statute in question specifically confers on a court of equity jurisdiction in this character of case. The bill filed by appellants was filed under its provisions and prayed relief of the character provided for therein. The corporation was made a party defendant, thereby answering the requirements of said statute so far as the jurisdiction of the subject matter is concerned. Jurisdiction of the subject matter attached immediately upon the filing of the bill. The court, however, could not render a valid and binding decree against any defendant to the bill who had not been made a party. That would be because no jurisdiction of the person sought to be affected had been obtained, but not on account of lack of jurisdiction of the subject matter.

It is also insisted that ''jurisdiction was lacking because the corporation was not in court.'' The court having jurisdiction of the subject matter of said proceeding, in order to avail of the lack of service on necessary parties, appellee should have raised that question in the trial court.

''When the objection of non-joinder of a party is not taken by demurrer, plea or answer it will receive little favor from the courts, and to be of avail it must appear that the decree will have the effect of depriving the party omitted of his legal rights.'' *Pease v. Chicago Crayon Co.*, 235 Ill. 391–395, citing *Chicago, M. & N. R. Co. v. National Elevator & Dock Co.*, 153 Ill. 70. To the same effect is *State Nat. Bank of Springfield v. United States Life Ins. Co.*, 238 Ill. 148–158. In *Gulick v. Hamilton*, 287 Ill. 367, the court in discussing a question of this character at page 371 says:

''If the interest of an omitted party in the subject matter of a suit and the relief sought is so bound up with that of the other parties that his presence is an

absolute necessity the court will reverse the decree, not on account of the defendant who makes the objection for the first time on appeal but because no effective decree can be made. That rule only applies where the interest is a present substantial one and where a decree will result in depriving the omitted party of some material right without a hearing. (*Washburn & Moen Manf. Co. v. Chicago Galvanized Wire Fence Co.,* 109 Ill. 71; *State Nat. Bank of Springfield v. United States Life Ins. Co.,* 238 id. 148; *Pease v. Chicago Crayon Co.,* 235 id. 391; *Granquist v. Western Tube Co.,* 240 id. 132.)"

Where the question of nonjoinder of a proper or necessary party is raised for the first time in a reviewing court, that court will not reverse the judgment or decree for that reason, unless it shall appear that the omitted party's rights will be prejudicially affected if such reversal is not had. In this case, the answer of the trustee in bankruptcy is to the effect that there was not sufficient funds in the bankrupt estate to pay the preferred claims. That being true, the allowance of appellants' claims would not affect said corporation or said preferred creditors. The law further is that as between said corporation and its stockholders, the corporation, having taken the property in question in payment for the stock issued, could not proceed against the stockholders on their subscriptions, for as to the corporation, the subscriptions had been paid. So far as the defendant corporation is concerned, its rights would not be affected prejudicially if it be held that it was not a party to this proceeding.

Appellants, however, insist that the answer filed by said trustee was sufficient to give the court jurisdiction of said corporation, under the holding of the Supreme Court in *Edwards v. Schillinger,* 245 Ill. 231. The court at page 245 said: "The relation of a stockholder who has not paid for his stock, to the corporation, is

the ordinary one of debtor. (*Parmelee v. Price*, 208 Ill. 544.) If it was necessary that the corporation should be represented in the litigation, it was present in this case by the trustee in bankruptcy, who by the law represents and stands in the place of the corporation. The bankrupt corporation was in legal contemplation a party and all the stockholders except those who are insolvent were defendants. * * * There was no lack of jurisdiction in the court to hear and determine the case, nor any reason for declining to assume jurisdiction.''

Whether or not it be held that the answer of said trustee gave the court jurisdiction of said corporation under the cases cited, appellee is not in a position to complain, not having urged the matter of lack of jurisdiction in the trial court.

The evidence developed on cross-examination by appellees was to the effect that the entire assets of the corporation, in the hands of said trustee, were sold for $500, which, after payment of costs of the bankruptcy proceeding, would be insufficient to pay even a small part of the preferred claims against said corporation.

It is next insisted that ''the proof does not show the defendant (appellee Ruel) to have been a stockholder.''

The bill charges ''that Henry F. Ruel subscribed for 450 shares of the capital stock of said corporation, a total of $4,500; that certificates for said stock were issued to the said Henry F. Ruel, but that the said Henry F. Ruel did not then and has not since paid for said stock.'' The answer of Ruel, among other things, states: ''Further admits that said incorporators, Berthold Heymann, Edward Regnier and Henry F. Ruel, in said statement of incorporation also represented * * * that Henry F. Ruel had subscribed and paid the sum of $4,500 for 450 shares of the capital stock of said proposed corporation, and that Berthold Heymann, Edward Regnier, Arthur J. Sadler, E. J.

LaMarre and Henry F. Ruel had been elected directors of said corporation for the term of one year." Said answer further averred that appellee Ruel paid $500 in cash on his stock, and "that said Berthold Heymann subscribed for 400 shares of the capital stock of said corporation and placed it in the name of this defendant, Henry F. Ruel, for the consideration and reasons hereinafter explained, and paid for said stock in property hereinbefore described, and said 450 shares of capital stock were first fully paid for in property of the said Berthold Heymann."

In his testimony, Ruel states: "I did say that there was never any stock issued, and if this is to be considered as stock issued, then I was wrong on that proposition, but I did not recall it, but this stock was issued through my ignorance."

The record also discloses that appellee receipted for 450 shares of said stock. The evidence clearly is to the effect that appellee was a stockholder of said corporation.

,It is next insisted that "the defendant is not estopped." Under this heading, counsel insist that there is nothing to show that appellants, in connection with the labor or property alleged to have been furnished by them, furnished the same on the credit of said corporation or of appellee. It is further insisted that at the time of the original incorporation there was no authority to issue stock, said corporation being a public utility; that what had been done prior to the granting of the order of necessity and convenience by said Public Utilities Commission was done in ignorance of the law in reference thereto.

The certificate of incorporation was filed in August, 1920. The certificate of convenience and necessity was issued on February 1, 1921. The record discloses that appellee had in charge the matter of obtaining the certificate of convenience and necessity, and for the issu-

ing of stock under it, from the Public Utilities Commission, and that from the time he undertook to obtain said certificate from said commission said corporation was transacting business, incurring bills, etc., with his knowledge, acquiescence and consent as one of its directors. He therefore cannot, if it were otherwise proper, urge ignorance as a defense in this case. Having participated in the business of said corporation prior to the time of the authorization by the Public Utilities Commission for the issuing of stock, appellee is estopped to deny the liability of said corporation and his own as a subscriber to the stock thereof. *Hickling v. Wilson,* 104 Ill. 54–61; *Curtis v. Tracy,* 169 Ill. 233. In the latter case the court at page 237 says:

"It is well settled, that a stockholder cannot defend against a liability, which rests upon him for the benefit of corporate creditors, upon the ground that the corporation was not legally organized by reason of non-compliance with the terms of the statute providing for such an incorporation. (*Hickling v. Wilson,* 104 Ill. 54.) He is estopped by the act of subscribing for the stock from setting up such a defense." Citing *Wheelock v. Kost,* 77 Ill. 296–299; *Corwith v. Culver,* 69 Ill. 502.

Under the foregoing authorities, appellee is estopped to deny his responsibility as a stockholder in said corporation.

It is next insisted that "under any view of the evidence, the defendant Ruel's liability, if any, was discharged." It is only necessary to say that the evidence relied on as to appellee's alleged expenditures on behalf of said corporation was not only not in harmony with his answer, but was not sufficient to show payment in full for stock subscribed, even if properly pleaded.

It is next insisted that the court was justified in rejecting the complainants' claims as not established by the evidence.

What we have heretofore said in this connection is sufficient on this proposition. We hold that the point is not well taken.

Certain of the answers filed in said cause rely upon the 2-year statute of limitations, being, as we understand, based on the ground that if there was any right of recovery it was in the nature of a penalty and would be barred in two years. Under the provisions of the statute, this claim being based on the above-mentioned section 53 of the Corporation Act, Cahill's St. ch. 32, ¶ 53, the statute of limitations would not run against the claims of appellants until five years after the same accrued. *Parmelee v. Price, supra,* 559.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*